JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company, and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>OCTAVIO GARCIA, an Individual and d/b/a OG SPORTS COLLECTIBLES; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:18-cv-09149-AB-JC<br><br>**PERMANENT INJUNCTION AND DISMISSAL AGAINST DEFENDANT OCTAVIO GARCIA [22]**<br><br>**Honorable Andre Birotte, Jr.** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal Against Defendant Octavio Garcia ("Stipulation"), by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), through their counsel of record, and Defendant Octavio Garcia ("Defendant"), in *pro se*, filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that permanent injunction shall be and is hereby entered against Defendant in the above-referenced matter as follows:

1. **FINDING OF FACTS.**

    a. This case involves Plaintiffs' claims of Trademark Infringement arising under 15 U.S.C. § 1114, False Designation of Origin under 15 U.S.C. § 1125(a), Trademark Dilution under 15 U.S.C. § 1125(c), and Unfair Business Practices pursuant to California *Business & Professions Code* § 17200.

    b. Plaintiffs are the manufacturers and source of the world famous BMW® line of automobiles, automobile parts and automobile accessories, and use and own various trademarks and other intellectual properties on and in connection with such products and services, including, among others, their BMW®, ///M®, MINI®, and/or MINI COOPER® word and design marks along with various other trademark applications and registrations therefore in the United States and abroad (collectively "BMW Trademarks").

    c. Defendant is an individual doing business as OG Sports Collectibles at the addresses of: (i) 5600 Harvey Street, Suite T27, Muskegon, Michigan 49444, and (ii) 13651 Duncan Street, Holland, Michigan 49424.

    d. Defendant uses a number of accounts or seller IDs, including "ogsportscollectiblesshop" and "penguindeals" on eBay.com, and ID OG Sports Collectibles on bonanza.com, connected to his alleged infringing conduct and sale of alleged infringing products.

/ / /

/ / /

e. Defendant has used a PayPal.com account using the email address ogsportscollectibles@outlook.com connected to his alleged infringing conduct and sale of alleged infringing products.

f. Defendant represents and acknowledges that he conducted One Thousand One Hundred Sixty-Five (1,165) transactions of sales of alleged infringing products.

g. Defendant acknowledges that consumers and/or purchasers in the United States have come to recognize BMW Trademarks, and Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the BMW Trademarks are famous in the United States.

h. Defendant acknowledges and does not contest that he manufactured, designed, offered for sale, sold, and/or distributed products bearing BMW Trademarks and used BMW Trademarks in the advertising of products offered for sale to consumers online.

i. Defendant acknowledges and does not contest Plaintiffs' exclusive rights in and to the BMW Trademarks, including the exclusive right to distribute products using, embodying, comprised of and/or bearing the BMW Trademarks.

j. Defendant acknowledges that his infringing conduct and the sale of infringing products include the sale of unauthorized and/or counterfeit products which displayed, infringed, and diluted Plaintiff's Trademarks; that his activities have infringed Plaintiffs' rights thereto; and that his conduct and activities constitute federal trademark infringement, false designation of origin, trademark dilution, and unfair business practices pursuant to California law.

2. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

i. copying, manufacturing, designing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, distributing or otherwise dealing in any product or service that uses, or otherwise makes any other unauthorized use of, any of BMW's trademarks, including but not limited to the BMW® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 2,816,178; 4,293,991), ///M® (U.S.P.T.O. Reg. Nos. 1,438,545; 3,526,899; 3,767,662; 3,767,663), MINI® (2,746,570; 2,812,820; 3,462,517; 3,507,903; 3,515,455), and/or MINI COOPER® (U.S.P.T.O. Reg. Nos. 2,376,477; 3,969,191) trademarks (collectively "BMW Trademarks"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

ii. advertising or displaying images and/or photographs of non-genuine BMW products using BMW Trademarks;

iii. using BMW Trademarks, including but not limited to the BMW®, ///M®, MINI®, and/or MINI COOPER® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products. In no event may any BMW®, ///M®, MINI®, and/or MINI COOPER®-related logos, design marks, or other graphical trademarks be used by Defendant under this exception;

iv. performing or allowing others employed by Defendant or under Defendant's control, to perform any act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill.

v. engaging in any acts of trademark infringement, false designation of

origin, dilution, unfair business practices under California law, or other act which would tend damage or injure Plaintiffs; and/or

    vi. using any Internet domain name, URL or online seller name/ID that includes any BMW Trademarks.

 3. Defendant is ordered to deliver to Plaintiffs immediately for destruction all alleged infringing products bearing BMW Trademarks to the extent that any of these items are in Defendant's possession, custody or control.

 4. This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon Defendants at the time of its execution by the Court.

 5. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to *Federal Rule of Civil Procedure* 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

 6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction and Dismissal against Defendants, and BMW and Defendant waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant, as well as any violations of the terms of the separate underlying Confidential Settlement Agreement between the Parties.

 7. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

 8. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this 5th day of July, 2019.

           _____
           HON. ANDRE BIROTTE, JR.
           UNITED STATES DISTRICT JUDGE